IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JON J. ABLES**                                                                               **PLAINTIFF**

**v.**                                                                                                 **No. 4:20CV154-RP**

**MEDICAL DIRECTOR WILLIE KNIGHTEN**
**CNP ANGELA BROWN**
**HEAD NURSE VICKY THOMAS**
**CENTURION OF MS, LLC**                                        **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Jon J. Ables, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The court conducted a hearing under the holding in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985) to determine whether the allegations in the instant complaint rise to the level of a valid § 1983 issue. Section 1983 provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that the defendants have failed to properly treat his diabetes since September 18, 2015. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**Factual Allegations**

On September 8, 2015, Jon J. Ables, who was in the custody of the Mississippi Department of Corrections ("MDOC") at the time, visited a diabetes specialist in Brandon, Mississippi to determine the optimal course of treatment to manage his condition. The specialist recommended checking Mr. Ables' blood sugar four times per day, then providing insulin in a dose based on his blood sugar levels.

However, when Mr. Ables returned to his unit, medical staff at MDOC refused to follow the orders of the Free World specialist; instead, they provide him insulin injections twice daily, rather than four times daily. Various medical staff told him that they did not have enough money or personnel to monitor inmates' blood sugar levels four times per day. Mr. Ables alleges that often medical staff check his blood sugar level and administer insulin later than they should, resulting in blood sugar peaks and valleys. As a result of diabetes, Mr. Ables' eyesight is diminishing, and he is losing feeling in his feet.

## Denial of Medical Treatment

Mr. Ables' claims regarding denial of adequate medical treatment must be dismissed for failure to state a claim upon which relief could be granted. In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless the plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may a court infer knowledge of substantial risk of serious harm by its obviousness. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional

violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986).

In cases arising from delayed medical attention rather than a clear denial of medical attention, a plaintiff must demonstrate that he suffered substantial harm resulting from the delay in order to state a claim for a civil rights violation. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Campbell v. McMillin*, 83 F. Supp. 2d 761 (S. D. Miss. 2000). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

"Deliberate indifference is not established when medical records indicate that [the plaintiff] was afforded extensive medical care by prison officials." *Brauner v. Coody*, 793 F.3d 493, 500 (5th Cir. 2015). Nor is it established by a physician not accommodating a prisoner's requests in a manner he desired or the prisoner's disagreement with the treatment. *Id.*; *Miller v. Wayback House*, 253 F. App'x 399, 401 (5th Cir. 2007). Further, "[c]onsidering and failing to follow the recommendations of another treating physician does not amount to deliberate indifference." *Gobert v. Caldwell*, 463 F.3d 339 (5th Cir. 2006). To meet his burden in establishing deliberate indifference on the part of medical staff, the plaintiff "must show that [medical staff] refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Brauner*, 793 F.3d at 498.

In this case, Mr. Ables has been treated continuously for diabetes through monitoring and twice daily insulin shots. His disagreement with this course of treatment does not rise to the level of a constitutional violation, *Gibbs, supra*.; nor does the decision by MDOC medical staff to reject the

- 3 -

treatment recommended by the specialist in favor of a different treatment, *Gobert, supra.* For these reasons, Mr. Ables' claims regarding denial of medical treatment must be dismissed for failure to state a claim upon which relief could be granted.

## Conclusion

For the reasons set forth above, the instant case must be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 5th day of November, 2020.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE